OPINION AND ORDER
On April 26, 2006, Defendant/Appellant Roberta Boyd filed a Petition for Review of the March 22, 2006 Order of trial judge, the Honorable John Christian. We accepted review, the matter was fully briefed and oral arguments were held on December 11, 2006. Mr. Loren O’Toole, Esq., argued on behalf of Rose and Denver Atkinson. Mr. Barry C. Bighorn Sr., Lay Advocate, argued on behalf of Mrs. Boyd. The Order of the Tribal Trial Court is affirmed in accordance with the following.
This matter has a long history, including three earlier appellate proceedings. These are: Appeal No. 328, Rose and Denver Atkinson v. Roberta Boyd Beveridge and Roy Emerson, (2000), Appeal No. 340, Roberta Boyd Beveridge v. Fort Peck Tribes, through its Chairman Arlyn Headdress and Rose and Denver Atkinson, (2000) and Appeal No. 361, Rose and Denver Atkinson v. Roberta Boyd Beveridge and Roy Emerson, (2002).
Denver and Rose Atkinson, (“the Atkin-sons”), and Roberta Boyd, (“Mrs.Boyd”), are neighbors. As set forth in detail in Appeal No, 328, and in the record below, a dispute between these neighbors has been going on since 1999. Mrs. Boyd owns parcels 9, 10 and 11, Township 27 N, Range 51 E, fee land within the boundaries of the reservation. Several acres of land have accreted next to Mrs. Boyd’s land. By land, the only access to the Atkinsons’ property is across Mrs. Boyd’s property. In June 1999, Mrs. Boyd sought and obtained an easement across Tribal land from the Fort Peck Tribal Executive Board to care for her livestock and maintain her property. A condition of the easement was for Mrs. Boyd to allow public access across her land. Later, Mrs. Boyd built a fence across the road that provides the Atkinsons access to them property. Mrs. Boyd contended that she was not denying public access across her land in violation of the condition of her easement. Rather, she was restricting public access to pedestrians.
In July 1999, the Atkinsons filed a Petition for an Order restraining Mrs. Boyd from blocking access to their property. Mrs. Boyd cross-petitioned for an Order restraining the Atkinsons from various acts that she alleged damaged her property. The Tribal Court granted the Atkin-sons’ request for a restraining Order and Ordered Mrs. Boyd to take down the fence blocking their access. She appealed, alleging, among other things, that the Tribal Court did not have subject matter jurisdiction over the dispute. The Tribal Court of Appeals held that, the Tribal Court did have subject matter jurisdiction but that its restraining Order was not specific enough to be enforceable. The matter was remanded to the Tribal Court for further pi’oceedings for the purpose of rewriting the Order in a clear and specific manner.
Eventually, on remand, the parties reached an agreement on access and use of the land that was filed with the Court of Appeals on April 8, 2002. The Court of Appeals adopted the agreement on April 22, 2002. (Appeal No. 361)
Unfortunately, the matter did not end there. According to the findings of the Tribal Court, Mrs. Boyd continued to block access to the Atkinsons’ property. The At-kinsons then filed the proceeding that is *27 the basis of this appeal, seeking a permanent injunction against Mrs. Boyd’s blocking access to their property as well as an Order finding her in Contempt of Court for continuing to violate the 2002 Order. Following a number of lengthy delays in the lower court proceeding, the Court set final hearing in the matter for February 23, 2006 and informed the parties on January 24, 2006, that no further postponements would be permitted. Mrs. Boyd was directed to obtain new counsel if her advocate, Mr. Barry Bighorn Sr. would not be available for the hearing. (Mr. Bighorn had been unavailable for a lengthy period of time due to military sendee.)
The Court did conduct a hearing on February 23, 2006. Mr. Bighorn Sr. was not available for the hearing. A decision was issued on March 22, 2006. The Court found Mrs. Boyd in Contempt of Court for her repeated failure to obey the Court’s Orders to stop impeding the Atkinsons’ access to their land. The Court further issued a permanent injunction against Mrs. Boyd from interfering with the Atkinsons’ access to their land. The Court also ordered Mrs. Boyd to post a $500 peace bond but then suspending the posting of the bond for ninety days, provided Mrs. Boyd does not interfere with access to the Atkin-sons’ property.
It is from this Order that Mrs. Boyd appeals. We summarize the issues on appeal as follows:
1. Has Mrs. Boyd’s right to legal representation has been violated?
2. Is the Tribal court’s decision supported by the factual record?
Turning to the first issue, we wish to make clear that our decision in no way undermines our respect for Mr. Bighorn Sr.’s service to his country. We are grateful to Mr. Bighorn Sr. and to all members of the military service who make tremendous sacrifices for our benefit. Mr. Bighorn Sr.’s military seiwice is not the issue here, though. Mrs. Boyd had prior adequate notice of his inability to control his schedule and be present in Tribal Court to represent her. For example, Mr. Bighorn Sr. was unable to participate in hearings in the fall of 2005 but indicated in an October 18, 2005 motion for a continuance that the Court could schedule a hearing as of January 2006. In his Motion Mr. Bighorn Sr. pointed out some of the obstacles he was experiencing trying to represent Mrs. Boyd from an out of state military service position. As it turned out, he was not yet available in January 2006. Nor was he available for the February 23, 2006 hearing. Presumably this situation was difficult for Mrs. Boyd as well as for Mr. Bighorn Sr. Yet, beginning in the fall of 2005, it was clear that Mrs. Boyd would be wise to take steps to obtain new counsel. The At-kinsons have requested a final hearing for a number of years. But the final hearing in the matter had been previously continued at least five times. The Court’s decision to give Mrs. Boyd thirty days notice in January 2006 that no further continuances would be granted was reasonable. Mrs. Boyd was given adequate notice and time to obtain new counsel. We find no violation of her right to representation.
Mrs. Boyd’s remaining contentions all pertain to her view that the Tribal Court’s factual findings against her are incorrect. However, we are not reviewing the facts that led to the original restraining Order. The reviewing courts in Appeals No. 328 and 361 have done that. The issue before us is not whether or not the original restraining Order is supported by the facts, although it appears that it is. Rather, the issue before us is whether or not the Tribal Court was correct in finding that Mrs. Boyd’s repeated failures to follow the Orders of the Tribal Court constitute contempt of court. Our review of the *28 record in this ease indicates that the Tribal Court was correct in finding that Mrs. Boyd is in contempt of court and that she should be permanently enjoined from violating the Orders of the Tribal Court with respect to the Atkinsons’ access to their land.
Mrs. Boyd must understand that this matter is concluded. She has had numerous hearings and has been heard on appeal several times. We recognize that it is difficult for her to accept the adverse rulings of the Tribal Court. But they are now final.
Based upon the foregoing findings and good cause appearing:
IT IS NOW, THEREFORE, THE ORDER OF THIS COURT THAT:
The March 22, 2006 Order of the Tribal Trial Court is affirmed.